UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS THIBAULT, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  07-0200** |
| **BELLSOUTH TELECOMMUNICATIONS, INC. ET AL.** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Louis Thibault, Jr.'s motion to remand the case to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is **DENIED**. (Document #3.)

### I. BACKGROUND

Louis Thibault, Jr. was hired as a "splicer" by Robert J. Parker d/b/a Parker Communications (Parker) to repair telecommunication wiring damaged as a result of Hurricane Katrina.  Thibault was advised that Parker would assign him to a job each day, but he would receive supplies and work under the supervision of Directional Road Boring, Inc. (Directional) and BellSouth Telecommunications, Inc. (BellSouth).   Thibault reported to the BellSouth

construction yard on Airline Drive in Jefferson Parish on October 3, 2005.

The offer of employment included six months of work at $68 per hour for 84 hours per week and a paid location for a motor home.  Others performing the same work were paid $90, but Directional explained that Thibault was insured under Directional's worker's compensation policy and liability policy. Thibault was required to complete a daily time sheet and return it to Directional at the end of each day to be signed by supervisors from Directional and BellSouth. Thibault was paid weekly by Parker.

On January 8, 2006, Thibault was discharged.  His last pay check did not include overtime or amounts due to him under the agreement that he would be employed for a minimum of six months.

After making a demand for the amount due, Thibault filed a petition for damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against BellSouth, Parker,[1] and Directional, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C § 216, breach of contract, and failure to pay wages under La. Rev. Stat. 23:631-32.  BellSouth removed the case to federal court with the consent of Parker and Directional, asserting federal question jurisdiction under § 216.  Thibault filed a motion to remand.

---

[1] The plaintiff sued Parker d/b/a Parker Communications in his individual capacity on December 7, 2006.  Parker Communications was incorporated in South Carolina on January 30, 2006 and is now known as Parker Communications, Inc.  Robert Parker, the president of Parker Communications, Inc., consented to the removal to federal court individually and on behalf of Parker Communications.

## II. DISCUSSION

### A. Legal standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." A removal action based on federal question jurisdiction is analyzed under the well-pleaded complaint rule. See Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997).

### B. Removal of an action under § 216(b)

Thibault contends that removal is improper because § 216(b) of the FSLA provides that an action "may be maintained" in any state court. Section 216(b) provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation. . . .  An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

The Supreme Court addressed the meaning of "may be maintained" as a prohibition against removal in Breuer v. Jim's Concrete of Brevard, Inc., 123 S.Ct. 1882, 1884-85 (2003) as follows:

> "While § 216(b) provides that an action "may be maintained . . in any . . . State court of competent jurisdiction," the word "maintain" enjoys a breadth of meaning that leaves its bearing on removal ambiguous at best.  "To maintain an action" may mean "to continue" to litigate, as opposed to "commence" an action. But "maintain" in reference to a legal action is often read as "bring" or "file";

> "[t]o maintain an action or suit may mean to commence or institute it; the term imports the existence of a cause of action."

The Supreme Court reasoned that an ambiguous term that may be read as inconsistent with removal is not an express prohibition against removal. Id. at 1885. "When Congress has 'wished to' give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms." Id. at 1885-86. The Court held that the right to "maintain" an action did not constitute a removal exception for the FLSA, and the case was properly removed under 28 U.S.C. § 1441. [2] Id. at 1887.

Because Thibault has not identified an express exception to removal under the FLSA, there is no basis for his contention that the case has been improperly removed. Further, remand of the state law claims under § 1441(c) is not proper. The state law claims are not "separate and independent" because they arise from substantially the same facts as the FLSA claims. See Smith v. Amedisys, Inc., 298 F.3d 434, 439 (5th Cir. 2002).

New Orleans, Louisiana, this __8th_ day of March, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1441(a) permits removal of any action over which the courts of the United States have original jurisdiction "[e]xcept as otherwise expressly provided by Act of Congress."