UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS THIBAULT | CIVIL ACTION |
| VERSUS | NO. 07-200 |
| BELLSOUTH TELECOMMUNICATIONS, INC. ET AL. | SECTION "S" (2) |

## ORDER AND REASONS ON MOTIONS

Plaintiff, Louis Thibault, filed separate discovery motions against two defendants. First, he filed a Motion to Compel Response to Discovery from BellSouth Telecommunications, Inc. and for Sanctions. Record Doc. No. 111. In this motion, Thibault seeks more responsive answers from BellSouth to many of his Requests for Production of Documents and to compel responses to a subpoena duces tecum that he intends to issue to BellSouth in connection with his proposed notice of Fed. R. Civ. P. 30(b)(6) deposition of BellSouth. BellSouth filed a timely opposition memorandum. Record Doc. No. 120.

Second, Thibault filed a Motion to Compel Response to Discovery from Directional Road Boring, Inc. ("Directional") and for Sanctions. Record Doc. No. 112. In this motion, plaintiff seeks to compel Directional to provide more responsive answers to most of his Second Requests for Production of Documents. He also seeks to compel

a second deposition of David O'Leary, the president of Directional, to answer a question that Directional's counsel directed O'Leary not to answer during his deposition. Directional filed a timely opposition memorandum. Record Doc. No. 116.

Thibault claims in this lawsuit that he was hired as a wire splicer by one or more of the defendants to repair telecommunications lines in the New Orleans area after Hurricane Katrina. He alleges that he was an employee of one or more defendants, and that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, by failing to pay him overtime pay for overtime work performed between October 3, 2005 and January 8, 2006, when he says that he was fired. Plaintiff also brings a state law claim that defendants breached an alleged oral employment contract with him that guaranteed him a job for six months and a free place to park his mobile home. Record Doc. No. 1, Petition attached to Notice of Removal.

BellSouth admits that it had a contract with Directional, but denies that it ever entered into a contract with Thibault or was his employer. Record Doc. No. 2, BellSouth's Answer to Complaint. Directional denies that plaintiff was its employee and asserts that he was an independent contractor. Record Doc. No. 10, Directional's Answer to Complaint. A third set of defendants, Robert J. Parker d/b/a Parker Communications and Parker Communications, Inc. ("Parker"), who are not involved in the pending

discovery motions, have also answered that Thibault was an independent contractor, not their employee. Record Doc. No. 20, 38.

As to both motions, I apply the familiar legal standards applicable to the permissible scope of discovery provided in Fed. R. Civ. P. 26(b).

After the substantial amendment to the discovery rules that became effective December 1, 2000, Fed. R. Civ. P. 26(b)(1) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to <u>the claim or defense of any party</u>. Fed. R. Civ. P. 26(b)(1). The court <u>may order</u> discovery of any matter relevant to <u>the subject matter</u> involved in the action <u>only</u> if the party seeking such discovery makes a <u>showing of good cause</u>. <u>Id.</u>

The new standard concerning the scope of discovery is <u>narrower</u> than the old, broader standard. <u>Seaga Mfg., Inc. v. Fortune Resources Enters., Inc.</u>, No. 99C50332, 2002 WL 31399408, at *3 (N.D. Ill. Oct. 24, 2002); <u>Thompson v. Department of Housing & Urban Dev.</u>, 199 F.R.D. 168, 171 (D. Md. 2001).

Although the new standard is plainly narrower than the old, Wright and Miller note that

> [t]he amendment does not effect a dramatic change in the scope of discovery. In part, it is designed to involve judges in cases that present problems with the scope of discovery. The present standard–"relevant to the claim or defense of any party"–is still a very broad one. Indeed, as the Committee Note acknowledges, "[t]he dividing line between information relevant to the claims and defenses and that relevant only to the subject

3

> matter of the action cannot be defined with precision." Instead, each case must be evaluated on its own circumstances if there is a dispute about the proper scope of discovery for that case.
>
> . . . .
>
> At the same time, the Committee Note is also clear that the parties and the court should "focus on the actual claims and defenses involved in the action," and that "[t]he rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." It is at this point where a new claim or defense is the focus of discovery not relevant to the current ones that calls for a determination whether to allow discovery that goes to the subject matter limit. The good cause standard that informs that decision "is meant to be flexible," but the party seeking such discovery should ordinarily be able to articulate a reason for believing that it is warranted.

8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2008, at 24-25 (Supp. 2005).

District courts that have interpreted the current version of Rule 26(b)(1) generally agree that "the scope of discovery has narrowed somewhat under the revised rule. The change, while meaningful, is not dramatic, and broad discovery remains the norm. The revised rule simply provides one additional justification for the Court to put the brakes on discovery that strays from the claims or defenses being asserted." Sanyo Laser Prods., Inc. v. Arista Records, Inc., 214 F.R.D. 496, 500 (S.D. Ind. 2003); accord Saket v. American Airlines, Inc., No. 02 C 3453, 2003 WL 685385, at *2 (N.D. Ill. Feb. 28, 2003); Richmond v. UPS Serv. Parts Logistics, No. IP01-1412-C-K/H, 2002 WL 745588,

at *2 (S.D. Ind. Apr. 25, 2002); World Wrestling Fed'n Entm't, Inc. v. William Morris Agency, Inc., 204 F.R.D. 263, 265 n.1 (S.D.N.Y. 2001).

To implement the rule that discovery must be relevant to the claim or defense of any party, district courts have examined the relationship of the requested discovery and the facts it is intended to uncover to the specific claims and defenses raised by the parties. For example, in a copyright infringement case, the district court granted plaintiffs' motion to compel discovery when the information sought was "central to the [plaintiffs'] underlying claim for injunctive relief and damages;" when a "fact would be relevant to whether [defendant] committed a willful copyright infringement;" and when "[t]he fact that these entities may or may not have conspired to or engaged in copyright infringement is a solid basis for discovery in this case since it relates to the [plaintiffs'] claims and defenses." Sanyo Laser Prods., 214 F.R.D. at 500-01.

A district judge in this court found that he must "identify the exact claim that [plaintiff] is asserting in this case because[,] even insofar as defenses are concerned[,] the Court does not consider them in the abstract but rather with respect to the specific claim being asserted." Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc., No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.). Judge Zainey denied plaintiff's motion to compel discovery of information related to plaintiff's attempt to broaden its claims, when the court had already denied plaintiff's motion to amend the

5

complaint to add new alleged breaches of contract. See also Merrill v. Waffle House, Inc., 227 F.R.D. 467, 471-73 (N.D. Tex. 2005) (plaintiffs' medical records and personal diaries are discoverable when plaintiffs alleged emotional distress damages as a result of racial discrimination); Hill v. Motel 6, 205 F.R.D. 490, 493 (S.D. Ohio 2001) (denying plaintiff's motion to compel evidence of defendant's policy or practice that fell more harshly on older employees when plaintiff had pled only disparate treatment based on age, not disparate impact, and denying motion to compel discovery of information in hope of developing a new claim based on disparate impact).

As to the second part of Rule 26(b)(1), which permits discovery of any matter relevant to the subject matter of the action only upon a showing of "good cause," the Fifth Circuit has held that the same standard used in another discovery context, to obtain a protective order under Rule 26(c), "indicates that the burden is upon the movant to show the necessity of [a protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (quotation omitted). I see no reason that the same standard should not apply in the context of Rule 26(b)(1).

In addition to the threshold scope of discovery standard applicable to this case through Rule 26(b)(1), the court and the parties must also consider and apply the

limitations imposed on discovery by Rule 26(b)(2), which empowers the court "to guard against <u>redundant or disproportionate discovery</u> by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry" and "to enable the court to keep tighter rein on the extent of discovery."  Official Advisory Committee Notes to the 1983 & 1993 Amendments to Rule 26, <u>quoted in Federal Civil Judicial Procedure and Rules</u> 143, 148 (West Pamph. 2006).  Some of the discovery requests that are the subject of these motions exceed the limits imposed by Rule 26(b)(2)(C), which provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>     (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>     (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>     (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Thibault argues in both motions that the information he seeks to compel is within the scope of discovery because it is relevant to the standards for proving that he is an employee of Directional and/or BellSouth.  The test for determining whether a person is an employee for purposes of the FLSA was recently set forth by the Fifth Circuit, as follows:

> The definition of employee under the FLSA is particularly broad. To determine if a worker qualifies as an employee, we focus on whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself. To aid us in this inquiry, we consider five non-exhaustive factors: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. No single factor is determinative. Rather, each factor is a tool used to gauge the <u>economic dependence</u> of the alleged employee, and each must be applied with this ultimate concept in mind.

<u>Hopkins v. Cornerstone America</u>, No. 07-10952, 2008 WL 4542491, at *2 (5th Cir. Oct. 13, 2008) (emphasis in original) (citing <u>Nationwide Mut. Ins. Co. v. Darden</u>, 503 U.S. 318, 326 (1992); <u>Herman v. Express Sixty-Minutes Delivery Serv., Inc.</u>, 161 F.3d 299, 303 (5th Cir. 1998); <u>Brock v. Mr. W Fireworks, Inc.</u>, 814 F.2d 1042, 1043-44 (5th Cir. 1987)).

As these standards establish, the relevant issue is how each defendant interacted in <u>its relationship with plaintiff</u> and whether that interaction or relationship reveals that Thibault was an employee, as defined by the FLSA, or an independent contractor who was exempt from being paid for overtime work. Many of Thibault's disputed discovery requests exceed the scope of permissible discovery because they seek information about how each defendant interacted in its employment of its <u>other</u>, admittedly non-exempt employees. This is neither a collective action nor a class action, and defendants'

8

relationships with their own non-exempt employees generally are not relevant to plaintiff's FLSA or breach of contract claims or to any defendant's defenses. Thus, while they may be relevant to the "subject matter" of the case, "good cause," as required by Fed. R. Civ. P. 26(b)(1) to expand the scope of discovery in this case to that which is relevant to "subject matter," has not been established. As a general matter, these requests for such information are not reasonably calculated to lead to the discovery of admissible evidence relevant to the parties' claims or defenses. Fed. R. Civ. P. 26(b)(1). Specific requests are discussed below.

Both motions are DISMISSED AS MOOT IN PART, GRANTED IN PART AND DENIED IN PART, as follows.

I.  Motion to Compel Discovery from BellSouth, Record Doc. No. 111

Thibault's motion is granted to the extent it seeks to compel BellSouth to identify the documents it has produced that are responsive to particular requests for production. Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the request; . . ."). BellSouth must amend its written responses to state which of the documents that it produced on March 28, 2008, or at any other time, are responsive to particular requests for production, and that it has produced all responsive, non-privileged documents as to which there is no objection. Defendant's Exh. A, letter

from BellSouth's counsel to plaintiff's counsel, enclosing documents Bates-stamped BST 1-77;  Plaintiff's Exhs. 1A through 1D, documents Bates-stamped BST 1-77.

Plaintiff's motion is denied as to Request for Production No. 1, which seeks all writings regarding the hiring of copper and/or fiber splicers during the relevant time period.  BellSouth has responded that no such documents exist because it did not hire any such splicers.  BellSouth's response is sufficient, as it answered the request that was propounded.  Furthermore, BellSouth's relevance objection to producing its contracts with companies other than the parties in this case is sustained, for the reasons set out above.

The motion is denied and defendant's objections are sustained as to Request for Production No. 2, which is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents concerning BellSouth's negotiations and contracts, either to provide or to seek splicers, with companies or persons other than those in this case.  The only relevant negotiations and contracts are those between the parties in this lawsuit.  BellSouth states that it is unaware of any such documents other than those it has already provided.  This response is sufficient, subject to the order above.

Requests for Production Nos. 3 and 4 are excessively broad and unduly burdensome as written.  They are unlimited in time or geographic location, and they seek

all writings regarding extremely broad subjects, i.e., "the employment status" of all splicers and "the qualifications of" all persons to be hired as splicers, respectively. The court sustains defendant's objection in part and limits these requests to the relevant time period of January 1, 2005 through December 31, 2006; to the Gulf Coast region of Louisiana that was affected by Hurricane Katrina; and to workers who performed the type of work that plaintiff performed. Defendant must respond to these requests only as limited herein.

      BellSouth responded to Request for Production Nos. 3 and 4 that it would produce the work orders relating to splicers secured on behalf of Directional through January 2006, but that it was otherwise unaware of any responsive information concerning independent contractors who assisted with Hurricane Katrina restoration efforts. In its opposition memorandum, BellSouth states that it has no employees with the job title of "splicer," although some of its regular union employees perform splicing as part of their jobs. Furthermore, BellSouth stated in another memorandum recently filed in this court that it pays overtime pay to its union employees who perform splicing work. Record Doc. No. 127, at p. 4. The similarities and distinctions between BellSouth's employment relationship with Thibault and its employment relationship with its union employees who perform similar work are relevant to plaintiff's claims. Accordingly, BellSouth must supplement its responses to Request for Production Nos. 3 and 4 to produce any

11

documents containing job descriptions, qualifications and requirements of its employees who performed splicing work during the relevant time period and in the relevant location.

Request for Production No. 5 is identical to Request for Production No. 4, except that it limits the time period to August 28 through October 2005, which is a subset of the relevant time period. Thus, the motion is denied as to Request for Production No. 5, and no further response is required because it is "unreasonably cumulative or duplicative" of Request No. 4. Fed. R. Civ. P. 26(b)(2)(C)(i).

Thibault's motion to compel an additional response to Request for Production Nos. 6 and 17 is denied. Defendant's response that no responsive documents exist is sufficient.

As to Request for Production Nos. 7 and 8, plaintiff's motion is denied in part. These requests are excessively broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. However, the motion is granted to the extent that BellSouth must produce any responsive documents in its possession, custody or control relating to any other party in this case concerning the type of work performed by Thibault during the relevant time period.

The motion is denied and defendant's objections are sustained as to plaintiff's Request for Production Nos. 9 and 10, which are extremely overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible

evidence. Thibault argues that information regarding BellSouth's capital and operating expenditures and its gross payroll expenses in the State of Louisiana related to the post-Katrina splicing work are relevant to proving "the extent of the relative investments of the worker and the alleged employer," one of the factors enumerated in <u>Hopkins</u>, 2008 WL 4542491, at *2. However, the Fifth Circuit emphasized in <u>Hopkins</u> that, in applying this factor, "we compare each worker's <u>individual</u> investment to that of the alleged employer." <u>Id.</u> at *3 (emphasis in original). In that case, decided on summary judgment evidence, the insurance company defendant did not dispute that its investments in offices, advertising, accounting, and developing and underwriting its insurance products outweighed the personal investment of any single plaintiff sales agent. Similarly, in the instant case, it is difficult to imagine that BellSouth could reasonably dispute that its investments and expenditures in the greater New Orleans area alone, much less the entire Gulf Coast of Louisiana, hugely outweigh Thibault's investment in his business. If no stipulation concerning this fact could be reached, it ought easily to be established by plaintiff through one or two questions at a Rule 30(b)(6) deposition or through a single Request for Admissions pursuant to Fed. R. Civ. P. 36, rather than through these wide-ranging, overly broad and unduly burdensome production requests. Thus, "the discovery sought . . . can be obtained from some other source that is more convenient, less

burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2)(C)(i), and no further responses to Requests for Production Nos. 9 and 10 are required.

In addition, the reasonableness of any topic of inquiry in discovery depends on the circumstances of the case. See Advisory Committee Notes to the 2000 Amendments to the Federal Rules of Civil Procedure reported in Federal Civil Judicial Procedure and Rules at 167 ("When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action."). This is neither a collective action nor a class action, and the damages that plaintiff seeks are fairly small, consisting of overtime pay for three months actually worked (plus statutory penalties), regular pay for another three months that were allegedly guaranteed and the cost of renting space for his trailer for six months. In these circumstances, the burden of asking BellSouth to produce all documentation of its capital and operating expenditures and its gross payroll expenses related to the post-Katrina splicing work would unreasonably outweigh plaintiff's need for such documents. Fed. R. Civ. P. 26(b)(2)(C)(iii).

The motion is denied and defendant's objections are sustained as to plaintiff's Request for Production Nos. 19, 21, 24, 25 and 29, which are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, BellSouth has responded that it has no responsive documents regarding persons, like plaintiff, that it classified as independent contractors

who assisted in its Hurricane Katrina restoration efforts. As discussed above concerning the factors listed in Hopkins, the relevant questions concern BellSouth's relationship with plaintiff. Documents regarding any deficiency notice that BellSouth received regarding the employment taxes it paid for its regular employees, audits of its worker's compensation premiums, communications with OSHA and/or the EEOC regarding its regular employees, and all overtime pay claims by its employees in all of Louisiana are not relevant to the relationship at issue. Furthermore, whether BellSouth provided rental housing for its regular employees who traveled to South Louisiana in the aftermath of Hurricane Katrina is irrelevant to the question whether it had an oral agreement with Thibault to pay rental for a space for his trailer. Defendant's responses are sufficient.

Plaintiff's motion is granted and defendant's objections are overruled as to Request for Production 35, as limited by time period and location above, which seeks copies of identification badges issued to splicers.

As to Request for Production No. 36, the motion is granted in part in that BellSouth must supplement its response to state that it has produced one responsive document and that no other responsive documents exist, if this is accurate.

Finally, plaintiff also seeks to compel BellSouth to designate a witness to testify about one topic of his proposed Fed. R. Civ. P. 30(b)(6) deposition notice and to provide documents in response to three proposed items in a subpoena duces tecum, neither of

which were issued to BellSouth until three days after Thibault filed the instant motion. After the deposition notice and subpoena duces tecum were issued, BellSouth filed a motion for a protective order concerning the deposition topic, No. 11, and one of the subpoenaed items, No. 14, that plaintiff seeks to compel in the instant motion. The court has already granted BellSouth's motion for protective order as to Topic No. 11 and quashed the entire subpoena duces tecum. Record Doc. No. 139. Accordingly, this portion of plaintiff's motion is dismissed as moot.

II.     Motion to Compel Discovery from Directional, Record Doc. No. 112

Thibault's motion is dismissed as moot in part as to Request for Production Nos. 8, 9 and 10 propounded to Directional, which has provided a first amended response to these requests, stating that it has no responsive materials. Record Doc. No. 116, Defendant's Exh. A. Those responses are sufficient.

The motion is denied and Directional's objection is sustained as to plaintiff's request to compel O'Leary to attend a second deposition and answer plaintiff's question concerning the total sales volume of Directional in 2007. Directional's sales volume in 2007, which was from 12 to 24 months after Thibault's employment relationship was terminated, is not relevant to plaintiff's claims or any party's defenses in this matter, and the question was not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's motion is granted in part as to Request for Production No. 1, in that Directional must supplement its response to state, as it has in its memorandum, that it has produced <u>all</u> responsive billings and invoices regarding Thibault and co-defendant Parker, who was Directional's subcontractor. The objections are otherwise sustained.

Request for Production Nos. 2, 3, 4, 5, 6, 7, 11, 12, 13, 14 and 16 are not reasonably calculated to lead to the discovery of admissible evidence, as they seek an overly broad and unduly burdensome range of financial and insurance information. Defendant's objections on those grounds are sustained and plaintiff's motion is denied as to these requests. Again, the issue in this FLSA case is not the overall financial condition, insurance coverages or employment records of Directional, but how Directional interacted with Thibault and his work assignments. The relative investments of the parties in the work, which plaintiff cites as his reason for seeking the requested information, is only one of the non-exhaustive factors to be considered, and the discovery sought can be ascertained through more convenient, less burdensome and less expensive means, all as discussed above. Fed. R. Civ. P. 26(b)(2)(C)(i).

Thibault's motion is denied as to Request for Production Nos. 17 and 18. Whether Directional breached its agreement with BellSouth or whether "there are allegations that some wire splicers believed that" Directional had satisfied its state licensing requirements

in Louisiana or any other state, Record Doc. No. 112-2 at p. 11, is irrelevant to the employment relationship between Thibault and any defendant.

Accordingly, **IT IS ORDERED** that BellSouth and Directional must provide the supplemental written responses and make all additional responsive documents, if any, available to plaintiff, as ordered above, within ten (10) days of entry of this order. The motion was granted in part and denied in part. Under these circumstances, Thibault's request for an award of fees and costs is denied because I find that a just apportionment of expenses incurred in connection with this motion is that each party should bear its own. Fed. R. Civ. P. 37(a)(5)(C).

New Orleans, Louisiana, this   30th   day of October, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE